## FEENEY v. MINISCEONGO TOWING CO.

(Supreme Court, General Term, Second Department.   December 12, 1892.)

NEGLIGENCE OF SERVANT—LIABILITY OF MASTER.

In an action for personal injury it appeared that plaintiff was in charge of a barge being towed by defendant's tug.   The captain of the tug who had charge of the tow was drunk, and not in his place, and some laborers on the tug undertook the direction, turned the wheel the wrong way, and ran aground, whereupon a high wind drove the barge on the tug, and injured plaintiff.   *Held*, that there was sufficient proof of negligence to go to the jury.

Appeal from circuit court, Rockland county.

Action by Owen Feeney against the Minisceongo Towing Company. From a judgment dismissing plaintiff's complaint, plaintiff appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Arthur S. Tompkins, for appellant.
Wm. McCauley, for respondent.

BARNARD, P. J.   The plaintiff was in charge of a barge on the Hudson river at Grassy point.   The defendant owns a tugboat.   The tug company from here undertook to tow the plaintiff's barge up the Minisceongo creek.   The plaintiff avers that the tugboat ran aground by unskillful management out of the channel, and the plaintiff's barge was thrown against it, whereby the plaintiff was injured.   The proof shows that the barge was about 20 feet behind the tug, and that the captain of the tug has charge of the tow.   He was not in his place, and was drunk.   There were two other men on the tug, and they undertook the direction.   They were brickyard laborers.   The tug ran aground.   There was a high wind.   By the wind, notwithstanding the utmost efforts of the people on the barge, it was driven against the tug.   A sea drove the barge so strongly against the tug that the plaintiff was injured quite seriously.   The men on the tug turned the wheel the wrong way, which

occasioned the tug to ground. There was sufficient proof of negligence to go to the jury. There was no proof of contributory negligence which a trial court could say, as matter of law, was sufficient to take that question from the jury. The judgment should be reversed, and a new trial granted; costs to abide event.